IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THIJIN KUETH,<br><br>    Defendant. | 8:18CR244<br><br>MEMORANDUM<br>AND ORDER |

On August 22, 2018, a federal grand jury charged (Filing No. 1) defendant Thijin Kueth ("Kueth") with two counts of being an unlawful drug user or addict in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).[1] Kueth pled not guilty; his trial is set for December 2, 2019.

Now before the Court is Kueth's Motion in Limine (Filing No. 38) "for an Order allowing [him] to argue the correct elements of the offense pursuant to" the Supreme Court's recent decision in *Rehaif v. United States*, 588 U.S. \_\_\_, \_\_\_, 139 S. Ct. 2191, 2190 (2019). As Kueth reads it, *Rehaif* requires the government to "prove that he knew that as a consequence of being an unlawful user of marijuana, he could not legally possess any ammunition." In other words, Kueth contends the government must prove beyond a reasonable doubt that he knew "it was illegal or unlawful for him to possess something as innocuous as a bullet." Kueth reads far too much into *Rehaif*.

In *Rehaif*, the Supreme Court held "that the word 'knowingly' [as used in 18 U.S.C. § 924(a)(2) and applied to 18 U.S.C. § 922(g)] applies both to the defendant's conduct and to

---

[1] The parties agree Kueth is charged with violating § 922(g)(3). The Court proceeds on that basis for the purpose of this motion but notes the indictment refers to 922(g)(3) (unlawful user or addict) in the caption but incongruously cites § 922(g)(1) (convicted felon) in each count. That is hardly an immaterial mistake. In its brief (Filing No. 40), the government states it has agreed with the defendant "to proceed on an information reflecting the additional element that the defendant 'knew' he was a user of or addicted to a controlled substance at the time of the offense." Presumably, the information will cite the correct subsection of § 922(g).

the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 588 U.S. ___, ___, 139 S. Ct. 2191, 2194. In a prosecution under §§ 922(g) and 924(a)(2), the defendant's knowledge of his "status is the 'crucial element,'" not whether he knew that his status barred him from possessing a firearm or ammunition under federal law. *Id.* at ___, 139 S. Ct. at 2197; *see also United States v. Davies*, No. 18-2662, 2019 WL 5849500, at *3 (8th Cir. Nov. 8, 2019) (explaining the government did not have to prove the defendant "knew the ins and outs of" the underlying law, it only needed to prove the defendant knew of his status "at the time he possessed the firearms").

Kueth's "reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (citing *Cheek v. United States*, 498 U.S. 192, 199 (1991)). Contrary to Kueth's proposed interpretation, "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Id.*; *Webster v. Streeval*, No. CV 0:19-111-HRW, 2019 WL 5848060, at *3 (E.D. Ky. Nov. 7, 2019) ("*Rehaif* does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1)."); *United States v. Briscoe*, No. 18-10031-EFM, 2019 WL 5549165, at *2 (D. Kan. Oct. 28, 2019) (same).

In light of the foregoing, Kueth's Motion in Limine (Filing No. 38) is denied.

IT IS SO ORDERED.

Dated this 14th day of November 2019.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
United States District Judge